Commercial Freight Lines, Inc. v. Commissioner.
Commercial Freight Lines, Inc. v. Commissioner
Docket No. 61053.
United States Tax Court
T.C. Memo 1957-48; 1957 Tax Ct. Memo LEXIS 204; 16 T.C.M. (CCH) 210; T.C.M. (RIA) 57048; March 27, 1957
Howard Steele, Esq., for the petitioner. Claude Sanders, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: This proceeding involves a deficiency in the income tax of petitioner for the taxable year 1953 in the amount of $1,427.10. The sole issue is whether the transaction in 1953, whereby its stockholder-creditor on payment by petitioner of the principal of its note cancelled the accrued interest thereon, constituted a gratuitous forgiveness of indebtedness. All the facts have been stipulated and are incorporated herein by this reference. [Finding of Facts] Petitioner is an Iowa corporation having its principal place of business in Des Moines, Iowa, and was engaged in operating a motor freight line as a *205 common carrier. Its return for the period involved was filed with the director of internal revenue for the district of Iowa, at Des Moines, Iowa. At all times material herein petitioner's outstanding capital stock consisted of 25 shares of the par value of $100 each. E. W. Zesch, its president, treasurer, and managing officer, owned 52 per cent and the remaining 48 per cent was owned by the United States Freight Company, hereinafter referred to as United. Petitioner was indebted to United in the amount of $6,700 for cash advanced in 1941 and prior years. In 1941, petitioner executed its promissory note to United in the face amount of $6,700, bearing interest at 6 per cent per annum. Petitioner kept its books and filed its Federal income tax returns on an accrual method of accounting. During each of the years 1942 through 1953, petitioner deducted on its income tax returns the amount of interest annually accruing on its indebtedness to United. The total amount deducted during such period was $4,757. Petitioner realized a tax benefit for the entire amount of such interest accruals. At all times material herein United kept its books and filed its Federal income tax returns on *206 an accrual basis of accounting. It received no interest payments from petitioner on its note for $6,700. The interest accruals of $4,757, deducted by petitioner were not accrued by United on its books nor included in its income on its Federal tax returns. During the years 1944 to 1947, inclusive, petitioner sustained net operating losses, and during the period January 1, 1944 through January 1, 1952, petitioner had an earned surplus deficit. As of December 31, 1952, its assets were $16,270.75 in excess of liabilities, and as of December 31, 1953, the excess of assets over liabilities was in the amount of $29,433.01. E. W. Zesch owned trucks and equipment which he rented to petitioner during the period 1944 through 1953. Petitioner was indebted to Zesch on a running account in amounts ranging from $7,565.73 in 1944, to a high of $24,679.49 in 1949. In October 1953, petitioner was indebted to Zesch for rental of equipment in an amount in excess of $20,000. Petitioner made payments from time to time on such running account but did not accrue or pay any interest thereon. Zesch represented to United that he was entitled to interest on the balances in his equipment account. During *207 the period commencing in April 1944, and continuing intermittently until November 1953, negotiations, by letter and telephonic communication, were carried on between various officers and agents of petitioner and the two stockholder-creditors with a view of improving the debt structure of petitioner. Various plans, such as transmuting the indebtedness to capital through reclassification of petitioner's capital structure or cancellation of the debt in whole or in part, were exchanged. By July 20, 1949, no plan acceptable to all parties was devised and negotiations were suspended. During 1952, petitioner received an award of $22,371.59 from the United States Government in settlement of its claim for seizure of its truck line during the war. With the improvement in petitioner's cash position negotiations were reopened. In August 1952, a new proposal was made to United. On December 9, 1952, United rejected the new proposed plan and requested a substantial payment on petitioner's indebtedness to it with interest. On December 18, 1952, United was advised that its attitude was unfair and that if it insisted on the payment of its account, Zesch's account would be recomputed by adding *208 interest and payment made on a proportionate basis of available funds. On October 10, 1953, a proposal was made that petitioner pay United the principal of its note of $6,700, and that United cancel the interest due thereon, conditioned on Zesch's agreement to cancel the interest claimed to be due him. Zesch agreed to give petitioner a release of interest on his running account and to furnish United with a copy of such release. On October 19, 1953, United advised petitioner of its acceptance of the proposal. Later, in November 1953, petitioner sent its check for the sum of $6,700 to United, and requested a return of its note with a proper notation that it was paid in full and cancelled. Petitioner also advised United that its books do not and will not reflect any liability for interest due Zesch on his open account. [Opinion] Petitioner contends that the cancellation of accrued interest in the amount of $4,757, which it had previously deducted for income tax purposes with resultant tax benefit was a gratuitous forgiveness by United of petitioner's indebtedness to it for interest and is excludable from gross income under section 22(b)(3) of the 1939 Code. American Dental Co., v. Helvering, 318 U.S. 322. *209 It is the position of respondent that the facts presented establish that United was seeking the best settlement it could get for its claim, and under the rationale of Commissioner v. Jacobson, 336 U.S. 28, the cancellation by United of the accrued interest due it resulted in the realization of income to petitioner. The ruling in the American Dental case, supra, relied upon by petitioner, is to be considered in the light of the Supreme Court's later ruling in the Jacobson case, supra, wherein it is stated at page 370: "The situation in each transaction is a factual one. It turns upon whether the transaction is in fact a transfer of something for the best price available or is a transfer or release of only a part of a claim for cash and of the balance 'for nothing.' * * *" Many cases have come before the courts in which the factual test of the Jacobson decision has been applied. In practically every instance the courts have been unable to find an intent by the creditor to release an unpaid balance for nothing. Standard Brass & Mfg. Co., 20 T.C. 371, affd. 218 Fed. (2d) 352; Denman Tire & Rubber Co., 14 T.C. 706 [17,619], *210 affd. 192 Fed. (2d) 261; Spear Box Co., Inc., 13 T.C. 238, affd. 182 Fed. (2d) 844; The Marshall Drug Co., 118 Ct. Cl. 532, 95 F. Supp. 820, certiorari denied, 341 U.S. 948. The burden is upon petitioner to establish that the creditor intended a gratuitous forgiveness of the indebtedness. After a careful analysis of the communications passing between the interested parties consisting of 20 letters stipulated into the record, we are of the opinion that the facts in the case at bar neither establish an expressed nor an implied intent upon the part of United to transfer to petitioner something for nothing. On the contrary, we think the facts clearly indicate that United endeavored to secure the best possible settlement of its claim from a solvent corporation. No gift was intended by the cancellation by United of the accrued interest in controversy. The American Dental Co. case, supra, does not apply here. We hold that the accrued interest in the amount of $4,757, which petitioner deducted for income tax purposes in prior years with a resultant tax benefit is includible in its gross income for the taxable year 1953 *211 under section 22(a) of the Internal Revenue Code of 1939. The respondent's determination is sustained. Decision will be entered for the respondent